IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Aqueelah Barnes,

    Plaintiff,

vs.

Equifax Information Services LLC, and First Premier Bank,

    Defendants.

Case No.:

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, AQUEELAH BARNES, BY AND THROUGH COUNSEL, PAUL CAMARENA, and for her Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

### VENUE

3. The transactions and occurrences which give rise to this action occurred in Cook County, Illinois.

4. Venue is proper in the Northern District of Illinois.

## PARTIES

5. Plaintiff is a natural person residing in the City of Chicago, Cook County, Illinois, and is a "consumer" for purposes of the FCRA.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services LLC, ("Equifax") is a foreign limited liability company that conducts business in the State of Illinois; and

    b. First Premier Bank ("First Premier") is a state-chartered bank that conducts business in the State of Illinois.

## GENERAL ALLEGATIONS

7. First Premier is inaccurately reporting its respective tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment amount of $72.00 on Plaintiff's Equifax credit disclosure.

8. The accounts reflected by the Errant Tradeline is closed by First Premier. Plaintiff no longer has an obligation to make scheduled monthly payments to First Premier. Defendant closed the account. Hence, each balance is due presently as Plaintiff has neither the right nor the obligation to satisfy this debt in monthly installments.

9. The Errant Tradeline should be reported by First Premier with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the

Consumer Data Industry Association, furnishers are not to report a monthly payment on a closed account. The current reporting is false and misleading.

10. On August 12, 2021, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline reporting inaccurately with an erroneous scheduled monthly payment amount.

11. On or about August 27, 2021, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

12. In her dispute letter, Plaintiff explained that she no longer has an obligation to make recurring monthly payments to First Premier.

13. Equifax forwarded Plaintiff's consumer disputes to First Premier.

14. First Premier received Plaintiff's consumer disputes from Equifax.

15. On October 29, 2021, having not received Equifax's investigation results, Plaintiff obtained her Equifax credit disclosure which confirmed that Equifax and First Premier failed or refused to report the Errant Tradeline with the monthly payment amount of $0.00.

16. The Errant Tradeline is false and misleading to any user of the Plaintiff's credit report who would consider extending credit to the Plaintiff. The Errant Tradeline creates a false impression to potential credit grantors that Plaintiff continues to have a monthly obligation on a debt when, in fact there is no such

monthly obligation. This causes the Plaintiff damage by reducing the Plaintiff's opportunities for credit, jobs and employment.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file and her inability to improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER BANK

18. Plaintiff realleges the above paragraphs One through Seventeen as if recited verbatim.

19. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, First Premier negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. First Premier negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to remove scheduled monthly payment amount.

21. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

22. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. First Premier is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grant her a judgment against the Defendant First Premier for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER BANK

25. Plaintiff re-alleges the above paragraphs One through Seventeen by reference as if recited verbatim.

26. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the scheduled monthly payment amount.

27. First Premier willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. First Premier is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grant her a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff re-alleges the above paragraphs One through Seventeen by reference as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs One through Seventeen as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

/s/ Paul Camarena
Paul Camarena
500 S Clinton St. No. 132
Chicago, IL 60607
Telephone: (312) 493-7494
Email: paulcamarena@paulcamarena.com
*Attorneys for Plaintiff,*
*Aqueelah Barnes*

Case: 1:21-cv-06399 Document #: 1 Filed: 11/30/21 Page 10 of 10 PageID #:10